# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| IN RE:<br>TARA MARIE NEWMAN<br>   Debtor | Case No. 20-14525-mdc |
| Wells Fargo Bank, N.A.<br>   Movant | Chapter 13 |
| vs.<br>TARA MARIE NEWMAN<br>   Respondent | 11 U.S.C. §362 |

## MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER §362 PURSUANT TO BANKRUPTCY PROCEDURE RULE 4001

Movant, by its attorneys, Brock and Scott PLLC, hereby requests a termination of Automatic Stay on its mortgage on real property owned by TARA MARIE NEWMAN (the "Debtor").

1. Movant is Wells Fargo Bank, N.A**.**

2. Upon information and belief, Debtor, TARA MARIE NEWMAN, is the beneficiary of the Estate of Francis M. Gallagher.

3. Debtor is now the owner of the real property located at 6203 Hilltop Drive Unit 25, Brookhaven, Pennsylvania 19015-1306 hereinafter known as the "Mortgaged Premises".

4. Movant is the holder of a mortgage on the Mortgaged Premises.

5. The Debtor's current Chapter 13 Plan, Part §7(c) Sale of Property indicates that the Debtor intends to sell the Mortgage Premises and has it listed for the sale price of $95,000. See Docket Entry No.: 49

6. The proposed Chapter 13 Plan does not list a sale date nor does it indicate that any adequate protection payments will be paid, or whether the debtor will be paying any of the taxes/insurance. See Docket Entry No.: 49.

7. Since the filing of the current bankruptcy case the Debtor has failed to tender monthly payments in a manner consistent with the terms of the Mortgage and Note resulting in a lack of adequate protection.

8. Movant instituted foreclosure proceedings on the mortgage because of Debtor's failure to make the monthly payment required hereunder.

9. The foreclosure proceedings instituted were stayed by the filing of the instant Chapter 13 Petition.

10. The following chart sets forth the number and amount of post- payments due pursuant to the terms of the Note that have been missed as of August 20, 2021:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|---|
| 9 | 12/01/2020 | 08/01/2021 | $485.02 | $4,365.18 |
| Less partial payments (suspense balance): $0.00 ||||||

**Total: $4,365.18**

11. The next payment is due on or before September 1, 2021 in the amount of $485.02. Under the terms of the Note and Mortgage, since the Debtor has a continuing obligation to remain current post-petition and failure to do so results in a lack of adequate protection to Movant, even though she is not obligated under the Note contract.

12. If the Debtor chooses not to tender adequate protection payments while trying to sell the property then Movant has cause to have the Automatic Stay terminated as to permit Movant to complete foreclosure on its mortgage.

13. Movant specifically requests permission from the Honorable Court to communicate with and Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law.

14. Movant, it's successors and assignees posits that due to Debtor's continuing failure to tender post-petition mortgage payments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees should be allowed to immediately enforce and implement the Order granting relief from the automatic stay.

15. Movant requests that if relief is granted that Federal Rule of Bankruptcy Procedure 3002.1 be waived.

16. If the debtor has been negatively impacted by COVID-19, the debtor may contact Wells Fargo Home Mortgage to discuss a personalized solution at 1-800-274-7025. Written attorney consent may be required to speak directly with the debtor about these options.

**WHEREFORE**, Movant respectfully requests that this Court enter an Order;

a. Modifying the Automatic Stay under Section 362 with respect to 6203 Hilltop Drive Unit 25, Brookhaven, Pennsylvania 19015-1306 (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to allow Movant, its successors and assignees, to proceed with its rights under the terms of said Mortgage; and

b. Movant specifically requests permission from this Honorable Court to communicate with Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law; and

c. Holding that due to Debtor's continuing failure to tender post-petition mortgage payments and the resulting and ever-increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(3), and that Movant, its successors or assignees, should be allowed to immediately enforce and implement the Order granting relief from the automatic stay; and

d. Waiving Federal Rule of Bankruptcy Procedure 3002.1; and

e. Granting any other relief that this Court deems equitable and just.

September 8, 2021

> */s/ Andrew Spivack*
> Andrew Spivack
> (Bar No. 84439)
> Attorney for Creditor
> BROCK & SCOTT, PLLC
> 302 Fellowship Road, Suite 130
> Mount Laurel, NJ 08054
> Telephone: 844-856-6646 x3017
> Facsimile: 704-369-0760
> E-Mail: PABKR@brockandscott.com